## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

PENNY FARLEY and DAVID )
FARLEY, III, )
          )
         Plaintiffs, )
          )
v. )     Case No. CIV-21-047-TDD
          )
BEN WADE, *et al.*, )
          )
         Defendants. )

## **ORDER**

Before the Court is Plaintiffs' Motion to Allocate and Disburse Settlement Proceeds [Doc. No. 20] and Motion to Set Hearing Date [Doc. No. 21].  Plaintiffs state they have agreed to compromise and settle their claims against Defendant Ben Wade for an amount equal to the maximum liability coverage of his insurance policy, but the sum is insufficient to satisfy all lien claims regarding Plaintiff Penny Farley (hereafter "Mrs. Farley").[1]  The alleged claims are based on 1) an attorney's lien, 2) a subrogation lien, and 3) medical liens of service providers with outstanding account balances.  Mrs. Farley asks the Court to award her attorneys half of the settlement amount, award the subrogation claimant an amount to which it has agreed, and award other claimants pro rata shares of the remainder.

By the Order of October 1, 2021 [Doc. No. 22], the Court directed Plaintiffs to file supporting briefs for their Motions in compliance with the Local Civil Rules, and set a new

---

[1]  Plaintiffs state that the settlement fund created by accepting from Defendant Wade the maximum liability coverage provided by his automobile insurance policy will be the total sum of $60,000.00, to be divided equally between them for payments of $30,000.00 each.

deadline for any response or objection.  On October 15, 2021, Plaintiffs filed a supporting brief for the Motion to Allocate and Disburse Settlement Proceeds that "withdraws/strikes Plaintiffs' Motion to Set a Hearing Date."  *See* Pls.' Br. [Doc. No. 23] at 1.  Plaintiffs contend the Court should "enter an Order to disburse $4,500.00 to the UFCW Local as payment of its subrogation lien; $15,000.00 to Carr & Carr for the attorney's fees associated with representation and handling of Penny Farley's claims; conduct a pro rata allocation of the remaining settlement proceeds to the liened medical providers and order the payment thereof based on the Court's pro rata allocation; [and] force the non-cooperative medical providers to extinguish any further claims for payment against Penny Farley and David Farley, III . . . ."  *Id*. at 4.

Within the time period for filing an objection, three claimants filed responses [Doc. Nos. 30, 31, 33] that provide proof of statutory liens under Okla. Stat. tit. 42, § 43 (hospital) or § 46 (professional services) as follows:  Excel Therapy Specialists, $1,483.75; Warren Clinic, $506.76; and Saint Francis Health System, $13,241.06.[2]  These claimants do not oppose Plaintiffs' proposal for allocating any settlement proceeds.  Oklahoma law is clear that a hospital or medical lien for services rendered to a patient is inferior to the lawyer's charging lien and can be satisfied only from the net recovery "going or belonging to" the patient.  Okla. Stat. tit. 42, §§ 43(A), 46(A); *see Vinzant v. Hillcrest Med. Ctr*., 1980 OK 50, 609 P.2d 1274, 1277.

---

[2]  Saint Francis Health System, Inc. also filed proof of a hospital lien for services to Mr. Farley [Doc. No. 32], but the Motion only concerns Mrs. Farley's liens.

Upon consideration, however, the Court finds itself unable to grant the requested relief.  First, Plaintiffs state that the proposed settlement of Mrs. Farley's negligence claim will require a payment of insurance proceeds in the amount of $30,000.00, but they do not submit a settlement agreement or other evidence of a recovery on Mrs. Farley's behalf. Plaintiffs apparently seek an anticipatory ruling regarding how the funds they propose to accept in settlement of Mrs. Farley's claim would be divided.

Second, Plaintiffs address the priority of liens on any recovery for Mrs. Farley as follows:  1) a federally protected lien held by an ERISA-based health insurance plan, UFCW Local 1000 Oklahoma Health and Welfare Plan; 2) the attorney's lien held by the law firm who represents Mrs. Farley in this case; and 3) all medical liens held by healthcare providers who treated Mrs. Farley's injuries resulting from the motor vehicle accident at issue.  Plaintiffs provide documents to show the ERISA plan holds a subrogation lien in the amount of $61,453.23 but is willing to accept $4,500.00 in full satisfaction of its lien. *See* Pls.' Br., Exs. 1 & 4 [Doc. Nos. 23-1 and 23-4].

Plaintiffs state they retained the law firm in this case under a "50% contingency fee contract," the firm is entitled to receive the sum of $15,718.22 for costs and attorney fees, but it "has agreed to accept the sum of $15,000.00 in satisfaction of its lien."  *See* Pls.' Mot. ¶¶ 2, 10, 12.  Plaintiffs provide no support for these allegations; they do not submit a fee agreement, engagement letter, or billing statement.[3]  Instead, some supporting documents

---

[3]  Plaintiffs may assume there is no need to substantiate costs for which their attorneys agree to forego payment, but they cannot assume their attorneys should receive 50 percent of settlement proceeds without proof of their lien.

state Plaintiffs' attorneys have "a 40% attorney fee contract with Penny E. Farley." *See* Pls' Br., Exs. 2 & 3 [Doc. Nos. 23-2 and 23-3].  Plaintiffs present a list of providers in the Motion, but do not identify which ones hold liens.  As stated *supra*, only three lienholders have voluntarily appeared.  Under these circumstances, the Court lacks sufficient facts to determine the proper distribution of the amount to be recovered by Mrs. Farley.

Perhaps more importantly, Plaintiffs provide no legal authority for the procedural mechanism by which they attempt to extinguish the liens against Mrs. Farley's proposed settlement funds.  The only cases cited in Plaintiffs' brief to support this request for relief were interpleader actions.  *See* Pls.' Br. at 4; *see also Lawrence v. McLeod*, CJ-2013-128, Order Approving Settlement & Disbursing Funds, (Okla. Cnty., Okla. Aug. 16, 2013); *Pride Nat'l Ins. Co. v. Glover*, CJ-2012-3062, Order for Disbursement of Funds (Okla. Cnty., Okla. Sept. 5, 2012).  In contrast here, there are no interpleaded funds for the lienholders to claim or the Court to disburse.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Allocate and Disburse Settlement Proceeds [Doc. No. 20] is **DENIED** and Plaintiffs' Motion to Set Hearing Date [Doc. No. 21] is **DENIED** as moot.

**IT IS SO ORDERED** this 10th day of December, 2021.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE