IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PENNY FARLEY, *et al.*, | ) |
|       Plaintiffs, | ) ) ) |
| v. | )   Case No. CIV-21-047-TDD |
| BEN WADE, *et al*, | ) ) |
|       Defendants, | ) ) **)** |
| v. | ) ) |
| SAINT FRANCIS HEALTH SYSTEM, Inc. *et al.*, | ) ) ) |
|       Interpleader Defendants. | ) |

## ORDER

Before the Court is Plaintiff Penny Farley's Motion to Disburse Interpled Settlement Proceeds [Doc. No. 46].[1] Three claimants have timely responded [Doc. No. 47]. No reply brief has been filed within the time permitted by LCvR 7.1(e). Thus, the Motion is at issue.

Plaintiff seeks to resolve competing claims to a $30,0000.00 settlement fund that is insufficient to satisfy all adverse claimants; the Court authorized a deposit of the fund into the court registry so the dispute can be resolved and a distribution can be made. The claims are based on 1) an attorney's lien, 2) a subrogation claim of an ERISA health insurance plan, and 3) claims of medical service providers and lienholders. Plaintiff asks the Court

---

[1] Because this case is proceeding as an interpleader action in which only one plaintiff is asserting a claim, all references to Plaintiff mean Penny Farley.

to award her attorneys half of the fund based on a contingent fee agreement ($15,000.00), award the subrogation claimant a reduced amount to which it has agreed ($4,500.00), and award pro rata shares of the remainder ($10,500.00) to all medical service providers with outstanding account balances. *See* Mot. at 5-6. Plaintiff also asks the Court to declare that all claims against her by medical service providers are extinguished. *Id*. at 6.

In response to this Motion and prior motions, three service providers have appeared and have provided evidence of a statutory lien under Okla. Stat. tit. 42, § 43 (hospital) or § 46 (medical services): Excel Therapy Specialists, $1,483.75 [Doc. No. 30]; Warren Clinic, $506.76 [Doc. No. 31]; and Saint Francis Health System, Inc. $13,241.06 [Doc. No. 33].[2] These are the only adverse parties who have elected to participate in the interpleader, and they will be referred to as "Claimants." Claimants oppose Plaintiff's request for distribution of the interpleader fund to the extent of asserting that only lienholders should share in the distribution, and they object to Plaintiff's request for an order extinguishing the unsatisfied portion of their account balances.

Upon consideration, the Court finds that the relief requested by Plaintiff's Motion should be granted in part. The Court finds the priority of liens is correctly stated as follows: 1) a federally protected lien held by an ERISA-based health insurance plan, UFCW Local 1000 Oklahoma Health and Welfare Plan; 2) the attorney's lien held by the law firm who

---

[2] Claimants have provided two notices of their claims, first individually with supporting documentation and then jointly through a statement of counsel listing respective amounts [Doc. No. 37]. Saint Francis Health System, Inc. attributes different values to its lien in the two notices; one states a lower amount to account for payments received in partial satisfaction of the lien [Doc. No. 33]. The Court assumes the statement of a lien balance is correct and uses the lower amount in this Order.

represented Plaintiff in this case; and 3) all liens held by hospitals or medical professionals who provided services to Plaintiff for injuries resulting from the accident at issue.[3] Although Plaintiff presents a list of service providers in the Motion, Claimants are the only lienholders shown by the record.[4]

Plaintiff has provided evidence that the ERISA plan agreed to compromise and settle its lien claim in the amount of $61,453.23 by accepting $4,500.00 in full satisfaction of its lien. *See* Mot., Exs. 3 & 4 [Doc. Nos. 46-3 and 46-4]; *see also* Pls.' Br. Supp. Mot. Allocate & Disburse Settlement Proceeds, Ex. 4 [Doc. No. 23-4]. The plan received notice of the interpleader but did not appear, and Plaintiff's evidence stands undisputed. Thus, the Court finds that UFCW Local 1000 Oklahoma Health and Welfare Plan is entitled to $4,500.00 to be distributed from the registry fund.

Plaintiff provides evidence of a Contingency Fee Agreement with Carr & Carr Attorneys that entitles the firm to be compensated for services rendered in connection with this case and to be paid "50% of the gross/total amount of all damages recovered" and to be reimbursed for costs and expenses incurred in the representation. *See* Mot., Ex. 1 [Doc. No. 46-1]. Plaintiff also shows litigation costs in the amount of $718.22, but her attorneys affirmatively represent that "Carr & Carr agrees to accept $15,000.00 total, in satisfaction

---

[3] The statutes authorize the perfection of a medical lien that is inferior to any lien of the attorney who handles the matter for the client. *See Vinzant v. Hillcrest Medical Center*, 1980 OK 50, 609 P.2d 1274, 1277; Okla. Stat. tit. 42, § 43(A); Okla. Stat. tit. 42, § 46(A).

[4] No other service provider has appeared or provided evidence of a perfected lien, even though Plaintiff provided written notice of the interpleader as directed by the Court. *See* 1/25/22 Order [Doc. No. 36].

of its lien." *See* Mot. ¶ 18. This evidence and representation are undisputed. Thus, the Court finds that Carr & Carr Attorneys is entitled to $15,000.00 to be distributed from the registry fund.

Claimants are competing for the remaining amount of $10,500.00. Their liens stand on the same level of priority, and the combined total of their liens ($15,231.57) exceeds the amount of available funds. Under these circumstances, the Court finds that each Claimant should receive a pro rata share of the remaining settlement fund.[5] Of the total amount of medical liens shown by the record, Claimants' respective shares are as follows: Excel Therapy Specialists, 9.7%; Warren Clinic, 3.3%; and Saint Francis Health System, Inc., 87.0%. Thus, the Court finds that Claimants are entitled to the following distributions from the registry fund: Excel Therapy Specialists, $1,018.50; Warren Clinic, $346.50; and Saint Francis Health System, Inc., $9,135.00.

The only other issue presented by the Motion is whether the unsatisfied liens and outstanding medical claims against Plaintiff related to the accident should be extinguished. Plaintiff provides legal authority in the form of state district court orders that have extinguished liens and claims to settlement funds in interpleader actions; these authorities do not support Plaintiff's request for a general cancellation of debt. *See* Mot. ¶ 23. Claimants implicitly recognize their liens will be extinguished when the settlement fund is exhausted, but they contend only a bankruptcy court can discharge the underlying debt.

---

[5] Because no other medical service provider has provided evidence of an existing lien, the record provides no basis for any other potential claimant to participate in the distribution.

*See* Resp. Br. [Doc. No. 47] ¶ 4 ("the liens can be extinguished following the distribution of the settlement proceeds").

Claimants' liens are authorized by statutes that provide a lien for medical services rendered to a "patient injured by reason of an accident not covered by the Workers' Compensation Code" or "injured as a result of the negligence or act of another" where the patient asserts "a claim against another for damages on account of such injuries;" the lien is "upon any recovery or sum had or collected . . . by such patient" or injured person as damages from the tortfeasor or payable by an insurer. *See* Okla. Stat. tit. 42, § 43(A)-(B); Okla. Stat. tit. 42, § 46(A)-(B). Thus, when the settlement fund is distributed and Plaintiff's settlement of her accident claims is complete, all liens based on hospital or medical services for injuries suffered in the accident will be extinguished by operation of the statutes. The Court finds that Plaintiff is not entitled to an order extinguishing any other claims or debts.

**IT IS THEREFORE ORDERED** that Plaintiff Penny Farley's Motion to Disburse Interpled Settlement Proceeds [Doc. No. 46] is **GRANTED** in part and **DENIED** in part as set forth herein. Within 14 days from the date of this Order, Plaintiff's counsel shall submit a proposed order for disbursement of registry funds consistent with LCvR 67.2 and this Order.

**IT IS SO ORDERED** this 1st day of June, 2022.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE